UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-61428

VIRGINIA AYALA,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

    Defendant.
_____/

## **DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC.'S REMOVAL STATUS REPORT PURSUANT TO ORDER [DE 9]**

Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant"), pursuant to this Court's Order dated July 21, 2021 (DE 9), by and through its undersigned counsel, hereby files this Removal Status Report.

1. Statement of Claim

   **1. Plaintiff's Claim**

   Plaintiff asserts that during the course of debt collection related to medical treatment, Defendant violated 15 U.S.C. § 1692c(b) of the FDCPA and §559.72(5) of the FCCPA. Specifically, Plaintiff avers that Defendant transferred her information to a third-party vendor for the purposes of creating and sending to her collection correspondence dated August 10, 2020. Plaintiff further alleges that Defendant transferred Plaintiff's information to other third-party entities in connection with the subject debt. Plaintiff asserts that

>  Defendant transferred her information to third parties with the knowledge that the third parties did not have a legitimate business need for the information.
>
>  **2. Defendant, Healthcare Revenue Recovery Group, LLC's Defenses**
>
>  Defendant has asserted that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses: (1) not liable for the actions of third parties; (2) Defendant had authorization and/or consent to communicate information about the Plaintiff to third-party vendors pursuant to documentation of consent; (3) Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. Lexis 11648 (11th Cir. Apr. 21, 2021), should not be applied to the Defendant retroactively; and (4) FDCPA's and FCCPA's *bona fide* error defenses; **[DE3]**

2. <u>Statement of Removal</u>

    The instant suit is a civil action in which Plaintiff asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), and removal was based on federal question jurisdiction, accorded to Defendant, Healthcare Revenue Recovery Group, LLC. The Complaint seeks an award of damages against the Defendant for alleged actions taken during the course of debt collection attempts by the Defendant against the Plaintiff, which are asserted to violate the FDCPA. Plaintiff seeks statutory and "reputational" damages[1] allegedly caused by the transmission of her information in connection with the debt for collection by the Defendant. **[DE 1]**

---

[1] Paragraph 23 states *"[t]he transmitted information affected Plaintiff's reputation. For example, the transmission of Plaintiff's information affected Plaintiff's reputation regarding repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness."*

3. <u>Pending Motions</u>

   Defendant filed a Motion for Judgment on the Pleadings on July 29, 2021. **[DE 11]**

4. <u>Statement of Joinder and Consent to Removal</u>

   There are no other Defendants in this action and as such, no consent to removal to federal court was necessary.

5. <u>Statement of Timeliness of Removal</u>

   28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Additionally, that each defendant shall have thirty (30) days after receipt by service on that defendant of the initial pleading or summons to file the notice of removal. Here, the original Complaint was filed with the Court and served upon the Defendant on July 2, 2021. Defendant, Healthcare Revenue Recovery Group, LLC. filed the Petition for Removal to Federal Court on July 14, 2021; accordingly, the Petition for Removal was submitted to this Court less than thirty (30) days from service of the Complaint on Defendant. **[DE 1]**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **July 29, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com, and Thomas J. Patti, Esquire at tom@ jibraellaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*
